22,785-13

TO: PRESIDING Judge, SHARON KELLER
COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

MOTION DENIED
DATE: 4-7-15
BY: P.C.

DATE: 4/1/2015

IN RE: EX PARTE
GILL JARONE WHITE
WRIT # 22,785-13
— HABEAS REVIEW —
MOTION FOR LEAVE

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 06 2015

Abel Acosta, Clerk

To WHOM IT MAY CONCERN:

DEAR MADAM. I AM NOT TOTALLY CONVINCED that ANY AND ALL SUBMITTED litigATION PRETAINING TO THIS HABEAS ACTION IS BROUGHT TO THE COURT'S ATTENTION AS REQUIRED BY THE RULES OF COURT IN A HABEAS PROCEEDING. MORESO, BEING THE PRIMARY REASON WHY I AM SUBMITTING MY HABEAS litigATION DIRECTLY TO YOU, INSTEAD OF THE COURT-CLERK. And yes AND YES, I AM GUILTY OF WHAT I AM ACCUSED OF, (ARMED ROBBERY). NONETHELESS, I HAVE COMPLETED (25) YEARS FLAT =OF= ACTUAL CONFINEMENT TOWARDS A (75) YEAR SENTENCE. AND MORESO, I MEET THE CIRITERIA FOR MY SUBSEQUENT HABEAS PETITION TO BE CONSIDERED ON ITS MERITS. IN ADDITION, NO ONE WAS HURT NOR INJURIED DURING THE COURSE OF MY CRIME. (PLEASE REVIEW).

SINCERELy
x Gill White

CAUSE # 538931-L
WRIT # 22,785-13

EX PARTE

Gill Jarone White
PRISONER - PETITIONER

IN THE TEXAS
COURT OF CRIMINAL APPEALS
AT AUSTIN, TEXAS

MOTION FOR LEAVE TO AMEND
HABEAS PETITION, IN OPPOSITION
TO THE STATE'S ORIGINAL ANSWER
AND PROPOSED FINDINGS OF FACT,
WITH AMENDED HABEAS PETITION ATTACHED

## I.

THE PRISONER SUBMITTED AN ORIGINAL PETITION FOR WRIT OF HABEAS CORPUS AUTHORIZED PURSUANT TO ARTICLE 11.07, TEX. CODE CRIM. PROC. THUS HAVING BEEN FILED IN THE 179TH DISTRICT COURT AT HARRIS COUNTY, TEXAS, IN THE ABOVE INDICATED CAUSE ON 1/20/2015. WHEREAS, THE ASSERTS AS HIS PRIMARY GROUND FOR RELIEF, THUS ALLEGING THAT DUE TO THE EFFECTS EFFECTS OF long-TERM CONFINEMENT IN THE PRISON-ENVIRONMENT, THUS SUBJECTS HIM TO CRUEL AND UNUSUAL PUNISHMENT IN DIRECT VIOLATION OF HIS 8TH AMENDMENT RIGHT. SEE: ORIGINAL PETITION AT PAGES 6, AND 7.

## II.

IN ADDITION, THE PRISONER WILL ~~NOT~~ NOW SPECIFICLY BRING TO THE COURT'S ATTENTION THUS OPPOSING IN OPPOSITION A PARTICLAR AND MOST RELEVANT MATTER CONCERNING THE ~~PRISONER'S~~ INTENT OR PURPOSE FOR THE PRISONER'S CURRENT HABEAS PETITION AS OPPOSED BY THE STATE ON PAGE (3) OF THEIR ORIGINAL RESPONSE. WHEREAS, THE STATE HAS MISAPPLIED THE APPLICABLE LAW IN REGARDS TO THE PRISONER'S SUBSEQUENT HABEAS CHALLENGE TO THE SAME CONVICTION. WHEREAS, THE STATE ATTEMPTS TO MISLEAD THE COURT IN THIS REGARD. ~~MORESO, THE STATE IN ITS RESPONSE REPLY, THUS SEEKS~~ MORESO, THE STATE IN THEIR REPLY ANSWER, THUS SEEKS TO ENFORCE THE PROVISIONS OF ARTICLE 11.07 SEC. 4(A), TO THIS HABEAS PROCEEDING . . . THEREBY, FALSELY ALLEGING THAT THE PRISONER IN HIS ORIGINAL PETITION, HAS NOT INCLUDED SUFFICIENT SPECIFIC FACTS ESTABLISHING THAT THE CURRENT CLAIMS HAVE NOT BEEN AND COULD NOT HAVE BEEN PRESENTED PREVIOUSLY IN HIS INITIAL PREVIOUSLY CONSIDERED HABEAS PETITION . . . HOWEVER, NOTICE AT PAGE (4) OF THE PRISONER'S ORIGINAL

PETITION, THUS THE PRISONER clearly INDICATES How THE FACTUAL OR legal BASIS OF THE INSTANT claims WERE REASONABlELY UNAVAILABLE TO HIM ~~UNTILS~~ UNTIL YEARS AFTER HIS INITIAL PREVIOUSLY CONSIDERED HABEAS PETITION CHALLENGING HIS CONVICTION HAD AlREADY BEEN ~~SUBMITTED~~ SUBMITTED.

## III.

MORESO, "NOTICE" UPON THE COURT'S REVIEW AT PAGES # 6, AND 7, ~~OF THE~~ OF THE ORIGINAL PETITION, THUS THE PRISONER MAKES ~~only~~ A CHALLENGE only TO THE CONDITIONS ~~OF~~ OF HIS ~~RESTRA~~ RESTRAINT... THUS EVENTS OCCURRING DURING THE EXTENT OF HIS long-TERM CONFINEMENT IN THE PRISON ENVIRONMENT. WHEREAS, THE VALIDITY OF THE PRISONERS CONVICTION IS NOT AT ISSUE. WHEREAS, THE PRISONER IN THIS CAUSE, DOES NOT ASSERT NOR claim THAT HIS ON-Going CONVICTION FOR FIRST DEGREE ARMED ROBBERY, IS VOID OR TAINTED. NONETHELESS, CONDITIONS OF THE PRISONER'S RESTRAINT, IS THUS CONSTRUED AS A CONSTITUTIONAL ISSUE, AND MAY BE RASIED ON HABEAS REVIEW. EX PARTE Russell, 738 S.W. 2d 644 (TEX. CRIM. APP. 1986)

- P. 3 -

MORESO, THE PRISONER'S INITIAL HABEAS PETITION SUBMITTED UNDER CAUSE 538931-A THUS INITIALLY CHALLENGING HIS PRIMARY CONVICTION, WAS THUS CONSIDERED ON DECEMBER 11, 1991. IN ADDITION, THE DURATION OF TIME FOR THE FACTUAL AND LEGAL BASIS OF THE CURRENT 8TH AMENDMENT CLAIM, THUS EXTENDS FROM THE YEAR 2009 TIL 2014. AND EVEN IF THE PRISONER'S CURRENT LITIGATION IS CONSIDERED OR CONSTRUED BY THE REVIEWING COURT TO BE A SUBSEQUENT HABEAS CHALLENGE TO THE SAME CONVICTION, THUS THE PRISONER CLEARLY DEMONSTRATES IN THIS INSTANCE, HOW THE FACTUAL AND/OR LEGAL BASIS OF THE CURRENT CLAIM AS ASSERTED, WERE CLEARLY UNAVAILABLE TO HIM AT THE TIME HIS INITIAL OR FIRST HABEAS PETITION WAS CONSIDERED. THEREFORE, THE PRISONER BEING THE HABEAS PETITIONER HEREIN, ~~SHOULD~~ SHOULD BE ALLOWED TO PROCEED WITH HIS ON-GOING LITIGATION THUS WITHSTANDING THAT THE REQUIRED CIRITERIA HAVING BEEN ESTABLISED AS SET-FORTH PURSUANT TO THE PROVISIONS OF ARTICLE 11.07 SEC. 4 (A), TEX. CODE CRIM. PROC. . . . WHEREAS, THE PRISONER MEETS THE CIRITERIA AS SET FORTH BY THE ARTICLE 11.07 SEC. 4 (A),

- P. 4 -

AND SHOULD BE ALLOWED TO FULLY PROSECUTE HIS CURRENT HABEAS CLAIM FOR RELIEF. THUS IN ALL FUNDA-MENTAL FAIRNESS.

# IV.

MORESO, THE STATE'S ORIGINAL ANSWER IN REPLY TO THE PRISONER'S ORIGINAL WRIT APPLICATION, IS SOMEWHAT DEFICIENT IN-PART. WHEREAS, THE STATE DID NOT ADDRESS THE PRISONER'S COMPLAINT IN-CHIEF. SPECIFICLY AS TO RATHER THE ~~CONDITION~~ CONDITIONS OF THE PRISONER'S RESTRAINT THUS BEING CONSTITUTIONALLY ADEQUATE. [WHEREAS, REFERRING TO HIS ~~DEVELOPING~~ DEVELOPED PSYCHIATRIC CONDITION OCCURRING REASONABLELY DUE TO THE EFFECTS OF long-TERM CONFINEMENT IN THE PRISON ENVIRONMENT. AT WHICH THE PRISONER HAS NO PREVIOUS MHMR HISTORY PRIOR TO HIS CONFINEMENT. MORESO, WHICH SUBJECTS HIM TO CRUEL AND UNUSUAL PUNISHMENT IN RELATION TO THE CONDITIONS OF HIS RESTRAINT. IN ADDITION, ADDITIONAL FACT-FINDINGS AND CONCLUSIONS

NEED TO BE DEVELOPE UPON REMAND BY ORDER OF THIS COURT. FURTHERMORE, THE PRISONER HAS indd indeed MADE OR DEMONSTRATED A SUBSTANTIAL SHOWING OF A DENIAL OF A CONSTITUTIONAL RIGHT, WITHIN HIS ORIGINAL PETITION THAT MAY VERY-WELL WARRANT HABEAS RELIEF . . . MORESO, ANY FURTHER DETENTION UNDER THESE ALLEGED CIRCUMSTANCES, WOULD AMOUNT TO A DEPRIVATION OF A SERIOUS Med MEDICAL NEED OR PSYCHIATRIC NEED. COMPARE: ESTELLE VS. GAMBLE, 429 U.S. 97, 104. 97 S.CT. 285, 291 (1976)

# V.

## AMENDED RELIEF / CONCLUSION

THE PRISONER UPON ORIGINAL SUBMISSION ACCORDING TO THE STATE, HAS ERRED IN HIS INITIAL REQUEST FOR HABEAS RELIEF. WHEREAS, ACCORDING TO THE STATE IN REPLY TO THE PRISONER'S ORIGINAL HABEAS PETITION. THUS THE R PRISONER PREVIOUSLY REQUESTING A REDUCTION OF SENTENCE, OR SENTENCE

- P. 6 -

MODIFICATION. WHEREAS THE STATE CONTENDS NOT BEING AN AVAILABLE HABEAS REMEDY. NONETHELESS, THE PRISONER AT THIS TIME SEEKS TO CORRECT AMEND, OR ALTER HIS REQUESTED RELIEF AS FOLLOWS:

WHERE UPON ORIGINAL SUBMISSION, AT PAGES 6, AND 7, THUS DUE TO THE CIRCUMSTANCES INVOVLED THUS THE PRISONER HAVING BEEN DIAGNOSED AS A ~~PSYC~~ PSYCHIATRIC PATIENT WITH A mood-DISORDER. ~~THUS BEEN~~ PER DOCTOR W. M. JONES, M.D.

MORESO, THAT THE PRISONER BE DISCHARGED FROM THE ~~FROM THE~~ CURRENT PRISON ~~ENVIOR.~~ ENVIRONMENT AND REMANDED TO A MORE SUITABLE ALTERNATIVE PSYCHIATRIC PROGRAM AS AUTHORIZED PURSUANT TO TEXAS HEALTH + SAFETY CODE ANN. ARTICLES 614.013 AND 614.016. WHEREAS, AS ASSERTED UPON ORIGINAL SUBMISSION AT PAGES 6, AND 7, THAT THE PRISONER IN QUESTION HAS PREVIOUSLY HAD SUBSEQUENT ATTEMPTS OF SUICIDE WHILE CONFINED WITHIN THE PRISON ENVIRONMENT.

RESPECTFULLY SUBMITTED,

Bill Jarone White

PRISONER - PETITIONER

- P. 7 -

# CERTIFICATE OF SERVICE

SERVICE HAS BEEN ACCOMPLISHED BY SENDING A COPY OF THIS INSTRUMENT TO THE FOLLOWING ADDRESS:

LINDA GARCIA
ASSISTANT DISTRICT ATTORNEY
1201 FRANKLIN, SUITE 600
HOUSTON, TEXAS 77002
STATE BAR # 00787163

SIGNED ON THE 1ST day of APRIL, 2015

X _Gill Jarone White_
PRISONER - PETITIONER

Gill Jarone White # 538415
Bill Clements Unit
9601 Spur 591
Amarillo, Texas 79107

- P. 8 -